UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY BROOKS,<br>     Plaintiff, | )<br>)<br>) |
| vs. | )   No. 19-1407<br>) |
| JUSTIN HAMMERS, et. al.,<br>     Defendants. | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims his constitutional rights were violated at Illinois River Correctional Center (IRCC) by Defendants Warden Justin Hammers, Correctional Officers Groves, Lieutenant Kaymen and Major Smith. Specifically, several inmates were on the segregation yard on June 30, 2019, when they told Defendants Rogers and Groves they needed ice due to high temperatures both on the yard and inside their cells. When they did not receive ice, the inmates refused to cuff up until their demands were met.

1

The officers called for Lieutenant Kaymen to talk with the inmates. Plaintiff says he told Defendants Groves, Rogers, Smith, and Kaymen he needed medical assistance because he felt dizzy. Plaintiff again told the officers he needed medical care before he developed "heat stroke." (Comp., p. 5). Plaintiff's request was still denied. Defendant Rogers also told Plaintiff they had "better things" to do than address his "fake heat stroke." (Comp., p. 5).

Plaintiff claims after the officers left, he did suffer from a heat stroke. It took the Defendants 15 to 20 minutes to call for a medical transfer. Plaintiff says when he arrived at the Health Care Unit his temperature was slightly over 100 degrees and it took several minutes to cool him down with ice packs and water. In addition, Major Smith called the Warden for permission to allow Plaintiff to take a shower which was approved.

For the purposes of notice pleading, Plaintiff has articulated two Eighth Amendment violations based on Defendants Groves, Rogers, Smith, and Kaymen forcing Plaintiff to stay in extreme heat and delaying medical care for heat stroke. Plaintiff has failed to articulate any constitutional violation involving Warden Hammers since the only mention of this Defendant in the complaint is the Warden granting approval for an unscheduled shower.

The Court notes while Plaintiff claims he exhausted his administrative remedies before filing his lawsuit, it is not clear whether he completed the process before filing his complaint. However, this is an issue better addressed if relevant in a motion for summary judgment after Defendants have been served.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Groves, Rogers, Smith, and Kaymen violated Plaintiff's Eighth Amendment rights when they: a) forced Plaintiff to stay in extreme heat; and b) delayed medical care for heat stroke.  The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Warden Justin Hammers for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of April, 2020.

                                 s/James E. Shadid
                     _____
                                  JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE